**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SERENO'S INSULATION & SUPPLY CO., <br> Plaintiff, <br><br> v. <br><br> SERENO'S SPRAY FOAM INSULATION, LLC, and <br><br> AMADOR SERENO, <br> Defendants. | Civil Action No.: <br><br><br> **Jury Trial Demanded** |

**COMPLAINT FOR WILLFUL TRADEMARK INFRINGEMENT**

Plaintiff Sereno's Insulation & Supply Co. ("Sereno's Insulation") sues Sereno's Spray Foam Insulation, LLC and its owner Amador Sereno (collectively, "Defendants") for damages and injunctive relief for their willful trademark infringement and other unlawful conduct, and states:

**NATURE OF THE ACTION**

1. This is an action for willful trademark infringement. Plaintiff Sereno's Insulation & Supply Co. has used its SERENO'S name and mark continuously for over 10 years in connection with the advertising, promotion, marketing, and provision of high-quality insulation products and services for both commercial and residential customers. As a result of this continuous, widespread use, the SERENO'S name has become known to the public as representing and associated with the high-quality insulation products and services provided by Plaintiff.

2. Defendants have inexplicably unlawfully adopted Plaintiff's SERENO'S mark to provide products and services that compete with Plaintiff but are inferior to Plaintiff's products and services. Defendants' unlawful and infringing conduct already has caused actual consumer confusion, and it is significantly damaging Plaintiff's business and high-quality reputation.

3. Moreover, it is plain as day that Defendants' infringement is willful—Defendants admit they knew of Plaintiff's prior use of the SERENO'S mark long before Defendants began using the same mark for the same products and services as Plaintiff. When Plaintiff objected to Defendants' infringement, Defendants were undeterred and dismissive of Plaintiff's concerns. According to Defendants' counsel, Defendants have refused to authorize their attorneys to respond to Plaintiff's infringement demands. Defendants, however, have made clear they will not stop infringing absent a Court order. Thus, Plaintiff had no choice but to bring this lawsuit against Defendants for willful trademark infringement to stop Defendants' infringement and the damage it is doing to Plaintiff's business and reputation.

## THE PARTIES

4. Plaintiff Sereno's Insulation & Supply Co. is an Illinois corporation with its principal place of business at 766 Hainesville Rd, Round Lake Park, IL 60073.

5. Upon information and belief, Defendant Sereno's Spray Foam Insulation, LLC is an Illinois limited liability company with its headquarters located at 12 W. Country Walk Dr., Round Lake Park, IL 60073.

6. Upon information and belief, Defendant Amador Sereno is a natural person residing in Lake County, Illinois, and is also a member and manager of Defendant Sereno's Spray Foam Insulation, LLC. Upon information and belief, Defendant Amador Sereno controls and directs the infringing and other unlawful activities of Defendant Sereno's Spray Foam Insulation, LLC complained of herein.

## JURISDICTION AND VENUE

7. Sereno's Insulation's claims arise under the Lanham Act, 15 U.S.C. §§ 1125 *et seq.*, and Illinois statutory and common law.

8. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121(a) (Lanham Act) and 28 U.S.C. §§ 1331 (federal question), and 1338 (trademark and unfair competition), and has supplemental jurisdiction over all state law claims under 28 U.S.C. § 1367(a) (supplemental jurisdiction) because those claims are so related to Sereno's Insulation's federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

9. Defendant Sereno's Spray Foam Insulation, LLC is subject to personal jurisdiction in this Court because it, among other things, (i) is incorporated in Illinois, (ii) has its principal place of business in Illinois, (iii) promotes, supplies, offers, and provides goods and services in Illinois, including the goods and services accused of infringement in this lawsuit, (iv) transacts business within Illinois, (v) engages in a persistent course of infringing conduct in Illinois, and (vi) expects, or should expect, its acts to have legal consequences within Illinois.

10. Defendant Amador Sereno is subject to personal jurisdiction in this Court because he resides and does business in the State of Illinois and in this judicial district.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because, *inter alia*, (i) Defendants are subject to personal jurisdiction in this District, (ii) Defendants have promoted and continue to promote, supply, offer, provide, and sell products and services in this District, (iii) Defendants have directed advertising and the provision of products and services in this District, and (iv) a substantial part of the events and omissions giving rise to Sereno's Insulation's claims occurred, and continue to occur, in this District.

**FACTS COMMON TO ALL COUNTS**

12. Plaintiff Sereno's Insulation & Supply Co. was incorporated in 2015 and provides goods and services in the commercial and residential insulation industry.

3

13. Plaintiff is one of the leading providers of insulation products and services to commercial and residential consumers in the Chicago area, and specializes in a wide range of insulation materials and techniques. Its services include loose fill, blown-in insulation for attics, closed cell foam, open cell foam, fiberglass batts, and more. It is committed to using only the highest quality materials to ensure long-lasting performance and customer satisfaction.

14. Over the years, through its high-quality products and services, Sereno's Insulation has built a reputation for excellence, quality, and customer satisfaction for its products and services provided under the SERENO'S mark.

15. Since at least as early as September 2015, Sereno's Insulation has continuously used its SERENO'S mark in connection with the advertising, marketing, promotion, and provision of, insulation products and services to commercial and residential customers.

16. Upon information and belief, Defendant Sereno's Spray Foam Insulation, LLC was formed on or about March 2024 by Defendant Amador Sereno.

17. Upon information and belief, like Plaintiff, Defendants provide insulation products and services using the SERENO'S mark (the "Infringing Services").

18. Upon information and belief, Defendants have been using SERENO'S in connection with their provision of insulation goods and services, such as shown below:






(Magnified, cropped, and rotated view)

19. For the reasons set forth above and herein, as it relates to Defendants, Sereno's Insulation is the senior user of SERENO'S in connection with insulation goods and services in Chicago, its surrounding areas, and beyond.

5

20. Upon information and belief, Defendant Amador Sereno personally approved, authorized, and directed Defendant Sereno's Spray Foam Insulation, LLC's actions complained of herein, including relating to the Infringing Services and the infringing and unlawful adoption of the SERENO'S mark. Upon information and belief, Defendant Amador Sereno continues to personally approve, authorize, and direct Defendant Sereno's Spray Foam Insulation, LLC's infringing and unlawful actions, including relating to the Infringing Services,

21. Upon information and belief, Defendant Amador Sereno was and is responsible for overseeing development, marketing, and sales of the Infringing Services and is responsible for Defendant Sereno's Spray Foam Insulation LLC's infringing and unlawful adoption of the SERENO'S mark.

22. Upon information and belief, Defendant Amador Sereno personally promoted the sales of the Infringing Services.

23. Upon information and belief, Defendant Amador Sereno personally directed and participated in the provision of the Infringing Services.

24. Upon information and belief, Defendant Amador Sereno has personally profited from the provision of the Infringing Services.

25. Upon information and belief, Defendant Amador Sereno has acted willfully and with knowledge of Sereno's Insulation's prior trademark rights in the SERENO'S name mark.

26. As an example of Defendant Amador Sereno's bad faith conduct, when Plaintiff brought Defendants' infringement to the attention of Defendant Amador Sereno and asked him to stop, Defendant Amador Sereno falsely stated that Defendants had ceased use of the SERENO'S name:

> Y de el nombre yo lo cambié yo no uso ese nombre    6:52 PM

27. But Defendants did not stop their infringement and instead continue their willful infringement to this day. Defendant Amador Sereno's misrepresentation that Defendants had stopped further illustrates Defendants' willful infringement of Plaintiff Sereno's Insulation's rights in its SERENO'S mark and Defendants' bad faith conduct.

28. Defendant Amador Sereno should personally be held jointly and severally liable along with Defendant Sereno's Spray Foam Insulation LLC for the damages, costs and expenses (including attorneys' fees) incurred by Plaintiff as a result of Defendants' willful trademark infringement and unlawful conduct.

**COUNT I**
**Trademark Infringement, Unfair Competition, and False Designation of Origin**
**(15 U.S.C. § 1125(a))**

29. Sereno's Insulation re-alleges and incorporates by reference the above allegations of Paragraphs 1-28 as if fully set forth herein.

30. Defendants' use of the SERENO'S mark and their promotion, advertising, distribution, sale, and/or offering for sale of the Infringing Services in commerce is likely to confuse, mislead, or deceive consumers, the public, and the trade as to the origin, source, sponsorship, or affiliation of the services, and is intended and likely to cause such parties to believe, in error, that the services have been authorized, sponsored, approved, endorsed, or licensed by Sereno's Insulation, or that Defendants are in some way affiliated with Sereno's Insulation.

31. Defendants have improperly gained undeserved credibility on account of the similarities between SERENO'S as used by Sereno's Insulation and Defendants' infringing,

unlawful uses of SERENO'S as alleged above. Defendants' acts are likely to confuse, mislead, and/or deceive consumers, the public, and/or the trade as to the origin, source, sponsorship, or affiliation of the goods initially, at the point of sale, and/or post-sale.

32. On information and belief, Defendants' acts were willfully committed with full knowledge of Sereno's Insulation's prior rights in the SERENO'S Mark.

33. Defendants' acts constitute trademark infringement, unfair competition, and a false designation of origin, all in violation of 15 U.S.C. § 1125(a).

34. Sereno's Insulation has no adequate remedy at law and has sustained irreparable injury and damage caused by Defendants' conduct.

35. Absent an entry of an injunction by this Court, Defendants will continue to wrongfully reap profits and Sereno's Insulation will continue to suffer irreparable injury to its goodwill and business reputation, as well as monetary damages.

## COUNT II
## Trademark Infringement Under Illinois Common Law

36. Sereno's Insulation re-alleges and incorporates by reference the above allegations of Paragraphs 1-28 as if fully set forth herein.

37. Sereno's Insulation owns valid and subsisting common law trademark rights to SERENO'S for insulation goods and services.

38. Sereno's Insulation has expended substantial time, skill, labor, and money in the creation and marketing of its goods and services under SERENO'S in Chicago and its surrounding areas, and has therefore acquired substantial goodwill and legally protectable rights in SERENO'S in Chicago and its surrounding areas.

39. As alleged herein, Defendant, without authorization, falsely and deceptively used SERENO'S in Chicago and its surrounding areas to advertise, sell, and provide Defendants' own goods and services, in violation of Sereno's Insulation's rights under Illinois common law.

40. Through their unauthorized use of, advertising, sale, and provision of goods and services bearing SERENO'S as alleged herein, including in Chicago and its surrounding areas, Defendants have unfairly traded on and misappropriated the goodwill and reputation created and developed by Sereno's Insulation in SERENO'S.

41. Defendants' unauthorized use of SERENO'S has caused and is likely to continue to cause confusion and deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' goods and services, and is likely to cause consumers to believe, contrary to fact, that Defendants' goods and services are sold, provided, authorized, endorsed, or sponsored by Sereno's Insulation, or that Defendants are in some way affiliated with or sponsored by Sereno's Insulation, all in violation of Sereno's Insulation's rights under Illinois common law.

42. Defendants gained undeserved credibility on account of the similarities between SERENO'S as used by Sereno's Insulation and Defendants' infringing, unlawful uses of SERENO'S alleged above. Defendants' acts are likely to confuse, mislead, or deceive consumers, the public, and the trade as to the origin, source, sponsorship, or affiliation of the goods initially, at the point of sale, and/or post-sale.

43. On information and belief, Defendants' acts were willfully committed with full knowledge of Sereno's Insulation's prior rights in SERENO'S.

44. Defendants' conduct constitutes trademark infringement under Illinois common law.

45. Defendants' conduct is causing immediate and irreparable harm and injury to Sereno's Insulation, and to its goodwill and reputation, and will continue to damage Sereno's Insulation unless enjoined by this Court. Sereno's Insulation has no adequate remedy at law.

46. Sereno's Insulation is entitled to injunctive relief, actual and compensatory damages in an amount to be determined at trial, disgorgement of profits, attorneys' fees, costs, and pre- and post-judgment interest.

## COUNT III
## Unfair Competition Under Illinois Common Law

47. Sereno's Insulation re-alleges and incorporates by reference the above allegations of Paragraphs 1-28 as if fully set forth herein.

48. Sereno's Insulation owns valid and subsisting common law trademark rights to SERENO'S for insulation goods and services.

49. Sereno's Insulation has expended substantial time, skill, labor, and money in the creation and marketing of its goods and services under SERENO'S in Chicago and its surrounding areas, and has therefore acquired legally protectable rights in SERENO'S in Chicago and its surrounding areas.

50. As alleged herein, Defendants, without authorization, falsely and deceptively used SERENO'S in Chicago and its surrounding areas to advertise and sell their own goods and services, in violation of Sereno's Insulation's rights under Illinois common law.

51. Through their unauthorized use of, advertising, and sale of goods bearing SERENO'S as alleged herein, including in Chicago and its surrounding areas, Defendants have unfairly traded on and misappropriated the goodwill and reputation created and developed by Sereno's Insulation in SERENO'S.

52. Defendants' unauthorized use of SERENO'S has caused and is likely to continue to cause confusion and deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' goods and services, and is likely to cause consumers to believe, contrary to fact, that Defendants' goods and services are sold, provided, authorized, endorsed, or sponsored by Sereno's Insulation, or that Defendants are in some way affiliated with or sponsored by Sereno's Insulation, all in violation of Sereno's Insulation rights under Illinois common law.

53. Defendants gained undeserved credibility on account of the similarities between SERENO'S as used by Sereno's Insulation and Defendants' infringing, unlawful uses of SERENO'S alleged above. Defendants' acts are likely to confuse, mislead, or deceive consumers, the public, and the trade as to the origin, source, sponsorship, or affiliation of the goods initially, at the point of sale, and/or post-sale.

54. On information and belief, Defendants' acts were committed with full knowledge of Sereno's Insulation's prior rights in SERENO'S, willfully, deliberately, and in bad faith.

55. Defendants' conduct constitutes unfair competition under Illinois common law.

56. Defendants' conduct is causing immediate and irreparable harm and injury to Sereno's Insulation, and to its goodwill and reputation, and will continue to damage Sereno's Insulation unless enjoined by this Court. Sereno's Insulation has no adequate remedy at law.

57. Sereno's Insulation is entitled to injunctive relief, actual and compensatory damages in an amount to be determined at trial, disgorgement of profits, attorneys' fees, costs, and pre- and post-judgment interest.

### COUNT IV
### Violation of Illinois Uniform Deceptive Trade Practices Act (815 ILC 510/Et Seq.)

58. Sereno's Insulation adopts and incorporates by reference the allegations of the preceding Paragraphs 1-28 as if fully set forth herein.

59. Upon information and belief, before offering the Infringing Services for sale, Defendants were aware of Sereno's Insulation's protectable rights in SERENO'S.

60. Defendants' selling, offering for sale, advertising and marketing Infringing Services creates, causes and/or contributes to a false association between Defendants and/or their Infringing Services and Sereno's Insulation and its insulation services. Defendants' actions have caused and contributed to consumer confusion as to the origin of, or affiliation between, the Infringing Services and Sereno's Insulation and its services, and have traded unfairly upon Sereno's Insulation's goodwill and reputation, and continue to do so, in violation of 815 ILCS 510/2-3.

61. Sereno's Insulation has been damaged by Defendants' deceptive trade practices, and, unless granted injunctive relief by this Court, Sereno's Insulation will continue to be damaged by Defendants' acts under 815 ILCS 510/2-3.

62. Sereno's Insulation is also entitled to recover as yet undetermined amounts of monetary damages pursuant to 815 ILCS 510/3.

63. Defendants' advertising, marketing, selling and offering for sale of the Infringing Services is with knowledge and in willful disregard of Sereno's Insulation's intellectual property rights, including in SERENO'S.

**PRAYER FOR RELIEF**

**WHEREFORE**, Sereno's Insulation respectfully requests the entry of judgment against Defendants, including Defendant Sereno's Spray Foam Insulation, LLC's subsidiaries, successors, parents, affiliates, members, owners, officers, agents, servants, employees, and all persons in active concert or participation, providing the following relief:

A. An Order finding:

    (i)    Defendants have violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

    (ii)    Defendants have engaged in trademark infringement under Illinois common law;

    (iii)    Defendants have engaged in unfair competition under Illinois common law; and

    (iv)    Defendants have engaged in deceptive trade practices in violation of 815 ILCS 510/2-3.

B.    Granting an injunction preliminarily and permanently restraining and enjoining Defendants, including Defendant Sereno's Spray Foam Insulation, LLC's members, owners, officers, directors, agents, servants, employees, and attorneys, and all those persons or entities in active concert or participation with them, or any of them anywhere, from:

    a.    Promoting, supplying, offering, rendering, and providing any goods and services that use SERENO'S (or any mark confusingly similar thereto), and engaging in any other activity constituting an infringement of any of Sereno's Insulation rights in SERENO'S or any other trademark owned by Sereno's Insulation;

    b.    Passing off, inducing, or enabling others to sell or pass off any product or service as originating with Sereno's Insulation, which are not in fact Sereno's Insulation's product or service, or not provided under the control and supervision of Sereno's Insulation and approved by Sereno's Insulation under SERENO'S;

    c.    Engaging in any other activity constituting unfair competition with Sereno's Insulation, or acts and practices that deceive the public and/or the trade;

    d.    Engaging in any activity that will diminish the unique and distinctive quality of SERENO'S and harm the reputation and goodwill in SERENO'S; and

    e.    Otherwise competing unfairly with Sereno's Insulation in any manner.

C.    Directing that Defendants remove any simulation, reproduction, counterfeit, copy, or colorable imitation of SERENO'S, or any mark confusingly similar thereto, from any and all advertising in any medium and/or websites under their control, including, without limitation Defendants' websites and social media accounts.

D.    Directing other such relief as the Court may deem appropriate to prevent the public from receiving any erroneous impression that any product or service at issue in this case, that has

been advertised, marketed, promoted, rendered, supplied, distributed, sold, offered for sale, or provided by Defendants, has been authorized by Sereno's Insulation, or is related to or associated in any way with Sereno's Insulation or its goods and services.

      E.      Directing Defendants to file with the Court and serve upon Sereno's Insulation, within thirty (30) days after service upon Defendants of this Court's final judgment issued in this action, a statement, signed under oath, setting forth the manner and form in which Defendants have complied with the injunction herein.

      F.      Directing that Sereno's Insulation receives and recovers from Defendants all of:

          a.    Defendants' profits realized by the wrongful acts;
          b.    all amounts by which Defendants have been unjustly enriched;
          c.    all damages sustained by Sereno's Insulation;
          d.    costs, attorney fees, and investigatory fees and expenses to the full extent provided for by and relief under 15 U.S.C. §§ 1116-1118, and 815 ILCS 510/3; and
          e.    any additional amount that the Court determines to be just.

      G.      Trebling the damages from Defendants' infringement under the Lanham Act due to Defendants' willfulness in accordance with the provisions of 15 U.S.C. § 1117.

      H.      Awarding Sereno's Insulation exemplary or punitive damages.

      I.      Making Defendant Amador Sereno and Defendant Sereno's Spray Foam Insulation, LLC jointly and severally liable for all damages, costs, and expenses awarded to Plaintiff in this action;

      J.      Awarding Sereno's Insulation such additional and further relief as the Court deems just and proper.

## JURY DEMAND

Sereno's Insulation demands a trial by jury on all issues triable to a jury.

Dated: February 6, 2026

Respectfully submitted,

By: /s/ *Michael A. Parks*
Michael A. Parks, IL 6217230
Carlos A. Ortiz, IL 6293505
Alex D. Weidner, IL 6337322
THOMPSON COBURN LLP
55 East Monroe Street, 37th Floor
Chicago, IL 60603
P: (312) 346-7500; F: (312) 580-2201
mparks@thompsoncoburn.com
cortiz@thompsoncoburn.com
aweidner@thompsoncoburn.com

*Attorneys For Plaintiff Sereno's Insulation & Supply Co.*